# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

GARY L. SETSER,           )        CASE NO. 5:18-CV-1994
           )
           )
         PLAINTIFF,        )        JUDGE SARA LIOI
           )
vs.                     )
           )        AMENDED MEMORANDUM
           )        OPINION AND ORDER[1]
COMMISSIONER OF SOCIAL  )
SECURITY,               )
           )
         DEFENDANT.    )

Before the Court is the parties' amended stipulation for an award of attorney fees under the Equal Justice Act, 28 U.S.C. § 2412 ("EAJA") (Doc. No. 18 ["Am. Mot."]). For the reasons and in the manner set forth herein, the award of attorney fees is approved.

## I. BACKGROUND

On August 30, 2018, plaintiff Gary Setser ("Setser") filed this action seeking judicial review of the final decision of defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("Commissioner"), denying his application for a period of disability and supplemental security income. (Doc. No. 1 (Complaint).) On February 14, 2019, the parties filed a joint stipulation to remand this matter to the Commissioner for further proceedings. (Doc. No. 15.) On February 22, 2019, the Court entered an order, upon the parties' stipulation, remanding this action to the Commission, pursuant to 42 U.S.C. § 405(g), for further administrative

---

[1] The Court's March 21, 2019 Memorandum Opinion and Order is amended for the sole purpose of removing the requirements regarding the generation of an invoice of the remaining balance after debts are offset and to pay the remainder to claimant's attorney.

proceedings. (Doc. No. 16.)

On March 6, 2019, the parties filed a joint proposed stipulation for attorney fees. (Doc. No. 17.) The Court directed the parties to file documentation to support their motion, which the parties filed, as part of the present amended stipulation on March 11, 2019. By their amended stipulation, the parties seek an EAJA award in the amount of $4,200.00, which the parties indicate represents a compromise of disputed positions and will fully satisfy any and all of Setser's claims for fees, costs, and expenses under the EAJA. (Am. Stip. at 939.)

## II. DISCUSSION

The EAJA requires the government to pay a prevailing plaintiff's attorney fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). There is no dispute here that the government's position was not substantially justified and that Setser is the "prevailing party" under the EAJA. *See Hammock v. Comm'r of Soc. Sec.*, No. 1:12-CV-250, 2015 WL 7292750, at *1 (S.D. Ohio Oct. 26, 2015), *report and recommendation adopted sub nom*, 2015 WL 7276087 (S.D. Ohio Nov. 18, 2015) ("A plaintiff who wins a remand of [his] social security appeal in this Court is a 'prevailing party[.]'").

Although the parties have stipulated to the amount of an award, the Court must still examine it for reasonableness. 28 U.S.C. § 2412(d)(2)(A) ("fees and other expenses" includes, *inter alia*, "reasonable attorney fees"). The EAJA provides that the amount of an attorney fee award shall be based upon prevailing market rates, but shall not exceed $125 per hour, unless the Court determines that the cost of living or special factors justifies a higher fee. 28 U.S.C. §

2412(d)(2)(A)(ii).

Documentation submitted in support of the amended stipulation shows 23.75 hours of legal services performed between July 25, 2018 and February 14, 2019 (including the typical legal services of reviewing the administrative record, telephone calls, reviewing court orders, drafting pleadings and briefs, and the like). (Doc. No. 18-1 (Billing Sheet).) The Court finds reasonable both the amount and the nature of the legal services performed.

Setser's counsel's affidavit also reflects an hourly billing rate of $350.00 for services. (Doc. No. 18-2 (Affidavit of Attorney Debra S. Shifrin) ¶ 4.) The affidavit further provides, however, that counsel agreed to reduce her billing rate to $185.00 for purposes of this amended stipulation. (*Id*. ¶ 7.) This reduced rate is still an upward departure from the $125.00 statutory cap. It is common, although not required, to adjust the statutory hourly rate to account for cost of living increases since 1996, the time when that rate was last capped. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 n.4, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002) ("A higher fee may be awarded if 'the court determines that an increase in the cost of living . . . justifies a higher fee.") (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)); *see also Hutchinson v. Colvin*, No. 1:15-cv-1144, 2016 WL 6777804, at *2 (N.D. Ohio Nov. 16, 2016) (examining the appropriateness of a cost of living increase).

The rates proposed by counsel comport with the measure of inflation in this geographic region (i.e., the "Midwest Urban" Consumer Price Index ("CPI")). *Crenshaw v. Comm'r of Soc. Sec.*, No. 1:13CV1845, 2014 WL 4388154, at *3 (N.D. Ohio Sept. 5, 2014) (collecting cases).

In light of these facts, the Court finds that the stipulated award of $4,200 is both reasonable and adequately reflective of "the prevailing market rates for the kind and quality of

services furnished[.]"[2] 28 U.S.C. § 2412(d)(2)(A). This award will be in full satisfaction of any and all of Setser's claims for fees, costs, and expenses, and is subject to setoff to satisfy any pre-existing debt owed by Setser to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010).

The Commissioner is directed to determine whether Setser owes any pre-existing debt to the United States, and if he does not, the Commissioner is directed that the award of $ 4,200 be made payable to plaintiff's attorney.

### III. CONCLUSION

For the reasons set forth herein, the parties' amended stipulation for an award of EAJA attorney fees pursuant to 28 U.S.C. § 2412 in the amount of $4,200 is approved, and the amount shall be paid in accordance with the procedure outlined above.

**IT IS SO ORDERED**.

Dated: July 12, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[2] The stipulated award represents a $193.75 decrease from the amount resulting from the multiplication of the approved rate by the number of hours claimed by Setser's counsel.